[Civ. No. 1690. First Appellate District.—March 2, 1916.]

## FRANK COELHO, Respondent, v. JUDSON MANUFACTURING COMPANY (a Corporation), Appellant.

NEGLIGENCE—ACTION FOR LOSS OF SIGHT OF EYE—EVIDENCE.—In an action for damages for the loss of the sight of an eye caused by the penetration of a chip of steel, through the alleged negligence of the defendant, it was not prejudicial error to refuse to allow, upon cross-examination of an oculist, who had attended the plaintiff for several weeks and was testifying upon his behalf, questions as to whether the injury would interfere with the labor activity of an ordinary laboring man, or would interfere with his work as a factory man, or such work as plaintiff was doing, chipping steel with a sledge-hammer, or whether plaintiff would be able to see a chart used by the optician with figures upon it, where the witness had testified that he had made physical tests of the plaintiff, but not with these charts, and he had told the jury what tests he had made and the extent of the injuries—the jury then being in as good position as the witness to know to what extent the injury to the plaintiff's eye impaired his ability to earn a livelihood.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial. Hon. James W. Bartlett, Judge presiding.

The facts are stated in the opinion of the court.

Myrick & Deering, and James Walter Scott, for Appellant.

J. Leonard Rose, and St. Sure, Rose & Callaghan, for Respondent.

THE COURT.—The action was brought by the plaintiff to recover damages for the loss of the sight of his right eye, occasioned by its penetration by a chip of steel, brought about through the alleged negligence of the defendant. As the result of a trial before a jury judgment was entered in favor of the plaintiff for the sum of $1,250. The appeal is by the defendant from the judgment and from an order denying its motion for a new trial.

Several points are discussed in the briefs, but at the oral argument counsel for the defendant stated that the defendant

relied upon but one of those points for a reversal of the judgment, viz., that the trial court committed prejudicial error in refusing to allow the following questions on the cross-examination of an oculist, who had attended the plaintiff for about five weeks and was produced as a witness in his behalf.

(1) "Do you consider the wound one that would interfere at all with the labor activity of an ordinary laboring man?"

(2) "Do you consider that it would interfere with his work as a factory man, for example?"

(3) "Would it interfere with such work as he was doing, chipping steel with a sledge-hammer?"

(4) "Take one of the ordinary charts used by opticians, with figures upon it, would he be able to see that chart?"

We cannot agree with the contention of defendant. The testimony of the witness to which the last of the above enumerated questions was directed was in substance as follows: "I made a physical test, asking to see if he saw my fingers and saw my features and so forth, and I understood the answers to be yes. . . . I did not make any of these chart tests while I was treating him." So that it appeared that the witness himself had not ascertained whether or not the plaintiff could see the figures on the ordinary chart used by opticians, and he had just told the jury what tests he had made. They were therefore in as good position to judge whether he could see the figures on such a chart as was the witness himself.

Likewise as to the other questions. The expert had testified fully on direct examination as to the nature and extent of the injury; and it therefore seems to us that the jury were, so far as this expert witness was concerned, in possession of sufficient facts to enable them to know to what extent the injury to the plaintiff's eye impaired his ability to earn a livelihood.

The judgment and order are affirmed.

A petition for a rehearing of this cause was denied by the district court of appeal on March 31, 1916, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 1, 1916.